## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RODNEY STEVENSON,

    Petitioner,

    v.                                                                  Civil Action No.:  BAH-21-1560

WARDEN,

    Respondent.

### MEMORANDUM OPINION

Rodney Stevenson brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 to challenge the revocation of his parole by the Maryland Parole Commission ("MPC"). ECF 1.  The matter is fully briefed and no hearing is necessary.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)); Rule 1(b), *Rules Governing § 2254 Cases in the United States District Courts.* (§ 2254 Rules apply to habeas corpus petitions filed under provisions other than § 2254). For the reasons set forth below, the Petition shall be denied and dismissed and a certificate of appealability shall not issue.

### Background

#### I.    Stevenson's Claims

Stevenson, a Maryland inmate, states that his parole was revoked by the MPC on October 24, 2019.  ECF 1, at 7.  He asserts that Commissioner Reynolds found him guilty of violating a rule prohibiting him from being a danger to himself and others because a mutual protective order was entered on September 24, 2019, with his consent.  *Id.*  He also claims that Commissioner Reynolds entered a letter into evidence at his parole revocation hearing that Stevenson was not

aware of nor given the opportunity to review before the hearing.  *Id.*  According to Stevenson, Reynolds improperly concluded that he was a threat to public safety generally but did not name anyone specific to whom he was a threat.  *Id.*  After his revocation was affirmed by the state circuit court, he states he attempted to appeal but was told he could not.  *Id.*

In total, Stevenson raises five grounds for relief:  (1) MPC violated his due process rights, (2) MPC violated the *ex post facto* clause, (3) he was unable to appeal the state court's order, (4) MPC's decision was not supported by sufficient evidence, and (5) MPC's decision was not sufficiently specific.  *See id.*

Stevenson requests that MPC's revocation of his parole and the state circuit court's order affirming that decision be overturned, that it be affirmed that he has a right to appeal, and a finding that his consent to a protective order does not make him a threat to public safety.  *Id.*

## II.    Respondent's Answer

Respondent filed an Answer to the Petition on December 8, 2021.[1]  ECF 14.  The Court received correspondence from Stevenson on April 11, 2022, which included a response to the Answer.  *See* ECF 18-1, at 8–13.  Respondent filed a Supplement to the Answer on December 14, 2022.  ECF 19.

Respondent argues that Stevenson's *ex post facto*, appellate review, and claim that the revocation decision was not sufficiently specific are unexhausted and procedurally defaulted.  ECF 14, at 2.  Respondent also asserts that the appellate review and specificity claims, as well as Stevenson's claim that his revocation was not based on sufficient evidence, are all state law claims

---

[1] Respondent submitted a correction regarding a statement made in the Answer on December 10, 2021.  ECF 15.

and therefore not subject to review by this Court.  *Id.* at 2–3.  Finally, Respondent states that Stevenson's due process claim, while exhausted, should be denied as meritless.  *Id.* at 3.

On May 25, 2012, Stevenson was sentenced to three years' incarceration by the District Court for Wicomico County, Maryland, for second-degree assault.  ECF 14-3.  On October 15, 2012, Stevenson was sentenced in the Circuit Court for Wicomico County to 15 years' incarceration, with all but 10 years suspended, for robbery.  ECF 14-4.  He was notified by the Maryland Division of Correction on November 8, 2012, that he was not eligible for parole until May 1, 2017, and therefore not eligible for release on mandatory supervision before then.  ECF 14-5.  On February 23, 2013, Stevenson was found in violation of a previously imposed probation and was sentenced to 7 years' incarceration for manufacturing or distributing a controlled substance, and the court ordered that this sentence would be "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences."  ECF 14-6, at 1.

Stevenson was considered for parole in 2016 and 2018.  ECFs 14-7 and 14-8.  At an appellate panel on June 17, 2018, the panel adopted a recommendation that Stevenson be approved for delayed release on parole in November 2019.  ECFs 14-8 and 14-9.  Stevenson was actually paroled, with conditions, on August 23, 2019.  ECF 14-10.

The Division of Parole and Probation ("DPP") submitted a report to MPC on September 30, 2019, stating that a final protective order had been served on Stevenson on September 24, 2019, expiring after one year.  ECF 14-11.  The report noted that the alleged victim had been interviewed and had provided a letter detailing abuse and threats by Stevenson.  *Id.*  MPC issued a statement of charges that same day asserting Stevenson had violated Rule 8 which required him to conduct himself as not to present a danger to himself and others.  *Id.* at 3; ECFs 14-12 and 14-13.  Stevenson was transferred to a domestic violence caseload within DPP to provide increased

supervision.  ECF 14-11, at 2.  MPC also requested a copy of the referenced letter for the parole file.  ECF 14-12.

Stevenson was arrested on the parole warrant.  On October 15, 2019, an agent met with him to ensure he had a copy of the warrant and to notify him of his right to counsel, a preliminary hearing, and right to contest the violation itself.  ECF 14, at 5; *see also* ECFs 14-15 and 14-16. Stevenson signed the notification of his right to counsel, stating that he waived his right and would represent himself at the revocation hearing.  ECF 14-15.  Stevenson acknowledged his receipt of the warrant, waived his right to a preliminary hearing, admitted that he had violated the conditions of his parole, and acknowledged the consequences of that admission.  ECF 14-16.  Stevenson's parole revocation hearing was held on October 24, 2019.  ECF 14-18.  Stevenson was found guilty of a Rule 8 violation and MPC revoked his parole, departing from the Justice Reinvestment Act's presumptive 15-day sanction pursuant to Md. Code Ann., Corr. Servs. § 7-401(d)(1)(i) because Stevenson posed a risk to public safety.  ECF 14-20, at 1–2; ECF 14-18, at 14–15.  He was awarded street credit from August 23 to September 9, 2019.  ECF 14-20, at 2.  Following the revocation hearing, Stevenson wrote several letters to MPC regarding his sentence and seeking reconsideration of MPC's decision.  ECFs 14-21, 14-23, 14-24, 14-26, 14-28, and 14-29.  MPC denied or did not respond to Stevenson's correspondence.  *See* ECFs 14-22, 14-25, and 14-27.

Stevenson sought judicial review of his revocation in the Circuit Court for Wicomico County, Case No. C-22-CV-19-000441.  ECF 14-30.  Stevenson raised several issues with the circuit court:  MPC's decision was not consistent with the Justice Reinvestment Act and MPC lacked authority to revoke his parole (ECF 14-32, at 3); he did not violate Rule 8 due to the mutual protective order and was in full compliance with his parole conditions (*id.* at 9, 28); and Commissioner Reynolds improperly introduced a letter written by the protective order petitioner

without prior notice and relied upon it in making his decision (*id.* at 9–10, 32).  A hearing was held on September 2, 2020, at which Stevenson was represented by a public defender who argued that there was insufficient evidence to support Stevenson's admission to the Rule 8 violation because consenting to a protective order does not constitute an admission to the allegations of abuse and no such finding were made, as well as that introduction of the letter violated Stevenson's due process rights.  ECF 14-37; *see also* ECF 14-36.  On September 3, 2020, the circuit court issued an order affirming MPC's revocation decision.  ECF 14-38.  Stevenson did not note an appeal of the circuit court's decision.  *See* ECF 14-30.  Stevenson wrote a letter to the presiding judge inquiring about his appellate rights approximately six months after the order was issued, which was forwarded to the Public Defender's Office.  *See id.*; ECF 14-39.

Years later, Stevenson filed requests for reconsideration and a new revocation hearing to MPC, which were granted by MPC Chairman David Blumberg via letter dated June 3, 2022.  ECFs 19, 19-2.  Chairman Blumberg's letter also notified Stevenson of his right to counsel, that he may withdraw his admission to the parole violation, that he may contest the violation during the hearing by testimony and documentary evidence, and that he may cross examine any testifying witnesses. ECF 19-2, at 1.  Enclosed with Chairman Blumberg's letter were copies of the letters submitted by the alleged victim in 2019.  *See id.* at 1–2.  At the new revocation hearing, held August 8, 2022, MPC found that based on the evidence presented, Stevenson had violated Rule 8 by constituting a danger to others, specifically the victim of the protective order.  ECF 19-3.  Stevenson's parole was revoked, and he was ordered to continue his incarceration through September 2022 "at which point [Stevenson] may be released under Corr. Service Art. 7-401 in the sole discretion of the Commission."  *Id.*  MPC issued an order releasing Stevenson on parole on October 19, 2022.  ECF 19-4.

## Analysis

### I.        Exhaustion

Federal habeas relief is unavailable absent prior exhaustion of the claims asserted.  The

exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. § 2241.  *See Francis v.*

*Henderson*, 425 U.S. 536, 539 (1976) ("This Court has long recognized that in some circumstances

considerations of comity and concerns for the orderly administration of criminal justice require a

federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F.3d

525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil

commitment).  Thus, before filing a federal habeas petition, a petitioner must exhaust each claim

presented by pursuing remedies available in state court.  *See Rose v. Lundy*, 455 U.S. 509, 521

(1982).  The claim must be fairly presented to the state courts; this means presenting both the

operative facts and controlling legal principles.  *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th

Cir. 2000).  Exhaustion includes appellate review in the Maryland Appellate Court and the

Supreme Court of Maryland.  *See Granberry v. Greer*, 481 U.S. 129, 134–35 (1987).  The state

courts are to be afforded the first opportunity to review federal constitutional challenges to state

convictions in order to preserve the role of the state courts in protecting federally guaranteed rights.

*See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Stevenson did not raise his *ex post facto* claim in the memorandum he submitted to the

Circuit Court for Wicomico Court for review of his parole revocation on January 21, 2020, or in

his reply memorandum submitted March 6, 2020.  ECFs 14-32, 14-34.  Neither Stevenson nor his

counsel made any arguments concerning an *ex post facto* claim at the hearing held on the petition

on September 2, 2020.  ECF 14-37.  Furthermore, in neither his memoranda nor during the hearing

did Stevenson assert that MPC failed to provide a sufficient description of the person or persons

who would be in danger should he be granted parole.  Additionally, although Stevenson inquired about his appellate rights to the Circuit Court months after the decision was issued, nothing in the record shows that he has presented his claim regarding appellate rights to the state court for consideration in any capacity.  As such, the Court finds that Stevenson's claims of an *ex post facto* clause violation, that MPC's decision was not sufficiently specific, and that he was denied appellate rights are unexhausted.[2]

## II.     State Law Claims

Moreover, even if Stevenson's claims concerning his state appellate rights and whether MPC's decision was sufficiently specific were exhausted, as they only concern matters of state law, they, like his claim that there was insufficient evidence to support the Rule 8 violation, are not cognizable on federal habeas review.  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties *of the United States*."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (emphasis added).  If a "claim … rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review."  *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Stevenson's challenge to the sufficiency of the evidence supporting his Rule 8 violation, the specificity of MPC's decision, and his claim regarding his state appellate rights each turn on

---

[2] Respondent also asserts that these claims are procedurally defaulted but does not address whether Stevenson could raise these issues in a state habeas petition and therefore the Court declines to resolve these issues on that basis.

the interpretation of state law and do not present issues of federal or constitutional law for review. Therefore, these claims are not cognizable for habeas review.

### III.     Due Process

Remaining is Stevenson's claim that MPC violated his due process rights.  To be entitled to the protections of the Due Process Clause, a person must have a constitutionally protected life, liberty, or property interest at stake.  The Supreme Court recognized that a liberty interest exists in the context of parole revocation in *Morrissey v. Brewer*, 408 U.S. 471, 481–82 (1972).  At a revocation hearing, a parolee is entitled to written notice of claimed violations of parole; disclosure of evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; the right to confront and cross-examine adverse witnesses; the right to have a neutral and detached hearing body consider revocation; and a written statement by fact-finders as to evidence relied on and the reasons for revoking parole.  *Id.* at 489.  Although minimum procedural rights were delineated, the Supreme Court recognized that a parole revocation hearing should remain informal to permit receipt of evidence not ordinarily admissible in a criminal trial. *Id.*  In addition, the revocation hearing must be "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior."  *Id.* at 484.

Importantly here, however, ordinary principles of mootness apply to petitioners seeking federal habeas relief.  "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate."  *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).  The parties must continue to have a

"personal stake in the outcome" of the lawsuit.  *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477).

"A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party."  *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (alterations original) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)).  If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act."  *Spencer*, 523 U.S. at 18.  "[Q]uestions of subject matter jurisdiction … may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

In response to Stevenson's request for reconsideration, he was provided a new revocation hearing at which he was represented by counsel and provided with the contested letters beforehand. He was also afforded the other due process protections to which he is entitled under *Morrissey*. No party challenges that this relief was afforded on August 8, 2022.  *See* ECF 19-3, at 1.  Although his parole was still revoked at that hearing, the Court finds his due process claim is moot because he did ultimately the relevant relief he requested in his Petition, namely, that the contested revocation hearing be overturned and that he be afforded a new opportunity to be heard on the matter.

## Conclusion

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice of judge issues a certificate of appealability, an appeal may not be taken from . . .

the final order in a habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court; or . . . the final order in a proceeding under section 2255.").  A

certificate of appealability must be considered in this case because the petition challenges a

detention arising out of state court process.

A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A petitioner "must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues

presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003).  Stevenson fails to meet this standard and the Court declines to issue a

certificate of appealability.  Stevenson may still request that the United States Court of Appeals

for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003)

(considering whether to grant a certificate of appealability after the district court declined to issue

one).

For the foregoing reasons, the Petition will be denied and dismissed.  No certificate of

appealability shall issue.  A separate Order follows.

August 22, 2024_____                                    _____/s/_____
Date                                                               Brendan A. Hurson
                                                                     United States District Judge

10